CITY OF CLEVELAND

v.

BEASLEY.

 2003-Ohio-2718.]

Cleveland Municipal Court, Ohio,
Cuyahoga County.

No. 2002CRB031620.

Decided March 13, 2003.

Subodh Chandra, Cleveland Law Director, and Angela Rodriguez, Assistant City Prosecutor, for plaintiff.

Kenneth Rexford and Legal Aid Society of Cleveland, for defendant.

Emanuella Groves, Judge.

{¶ 1} The defendant, Michael Beasley, was stopped because of the volume he was playing music in his motor vehicle on July 28, 2002, in violation of Cleveland Codified Ordinance 683.02, noise in a motor vehicle. While the defendant was stopped, the police officer discovered that the defendant's driver's license was suspended. The defendant was then also cited for violation of Cleveland Codified Ordinance 435.07(A), driving under suspension.

{¶ 2} The defendant has filed a motion to suppress the evidence relating to the driving-under-suspension charge on the basis that the police officer was allegedly enforcing an unconstitutional noise ordinance. The defendant has also filed a motion to dismiss the noise-ordinance violation on the basis that the ordinance violates the principle of substantive due process under the Fourteenth Amendment to the United States Constitution.

{¶ 3} The defendant argues that all testimony and evidence obtained after the stop must be suppressed because the ordinance was unconstitutional and, therefore, the stop was illegal. This court denies the defendant's motion to suppress for the reasons set forth below.

{¶ 4} The exclusionary rule was created as a judicial remedy for governmental violations of the Fourth Amendment. *Illinois v. Krull* (1987), 480 U.S. 340, 347, 107 S.Ct. 1160, 94 L.Ed.2d 364, citing *Weeks v. United States* (1914), 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652; *Mapp v. Ohio* (1961), 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. The "prime purpose" of the exclusionary rule is to deter unlawful police conduct. *United States v. Calandra* (1974), 414 U.S. 338, 347, 94 S.Ct. 613, 38 L.Ed.2d 561. The rule does not apply where an officer is acting in a good-faith reliance on the validity of a law. *Krull*, 480 U.S. at 349, 107 S.Ct. 1160, 94 L.Ed.2d 364.

{¶ 5} In the present case, the officer stopped the defendant for a violation of Cleveland Codified Ordinance 603.02, noise in a motor vehicle. This act of the police officer was a lawful, dutiful act done with reasonable reliance upon the validity of the statute. No deterrent effect on unlawful police conduct can be accomplished through application of the exclusionary rule in this circumstance. The United States Supreme Court has established that a police officer does not have a duty to determine the constitutionality of a legislative Act. *Krull*, supra.

{¶ 6} Given the police officer's reasonable reliance on the constitutionality of Cleveland Codified Ordinance 683.02, noise in a motor vehicle, the defendant's motion to suppress is denied.

{¶ 7} Defendant also asserts that Cleveland Codified Ordinance 683.02 is unconstitutional as a substantive due-process violation. Substantive due

process involves fundamental or natural rights of an individual. *Bowers v. Hardwick* (1986), 478 U.S. 186, 191–192, 106 S.Ct. 2841, 92 L.Ed.2d 140, citing *Palko v. Connecticut* (1937), 302 U.S. 319, 325–326, 58 S.Ct. 149, 82 L.Ed. 288. These fundamental substantive rights are those which have not been expressly defined in the Constitution or its amendments. Id. The United States Supreme Court has stated that the heightened judicial protection of fundamental rights includes those rights that are inextricably linked with the concept of ordered liberty and justice. Id.

{¶ 8} In the case at hand, the police officer stopped the defendant because of the volume the defendant was playing music in his motor vehicle. The officer testified that the volume was so great that the sound was thumping and the mirrors in the patrol car shook. The officer further testified that the speaker took up the entire rear passenger section of defendant's vehicle. Cleveland Codified Ordinance 683.02, noise in a motor vehicle, states:

> "No person shall play any radio, music player, or audio system in a motor vehicle at such volume as to disturb the quiet, comfort or repose of other persons or at a volume, which is plainly audible to persons other than the occupants of said vehicle."

{¶ 9} The defendant states that no known cases have addressed certain noise ordinances as violative of substantive due process. The reason defendant has not discovered any reported or unreported cases addressing whether or nor a noise ordinance might violate the principle of substantive due process under the Fourteenth Amendment is because expressions created from an audio system are arguably within a protected category of rights defined under the Constitution. Music is a form of expression protected under the First Amendment. *Ward v. Rock Against Racism* (1989), 491 U.S. 781, 790, 109 S.Ct. 2746, 105 L.Ed.2d 661, rehearing denied (1989), 492 U.S. 937, 110 S.Ct. 23, 106 L.Ed.2d 636. The defendant cannot attempt to argue a substantive due-process violation where the alleged violated right is expressly defined in the Constitution. Consequently, the defendant's substantive due-process argument is misguided. The defendant's motion to dismiss is denied.

Motion denied.